[Civ. No. 2660. First Appellate District, Division One.—May 1, 1919.]

# CHARLES H. SNOW, Appellant, v. JOSEPH R. HARRIS, Respondent.

[1] NEGLIGENCE—INJURIES TO MACHINIST EMPLOYED ON FARM—ACTION FOR DAMAGES—SUFFICIENCY OF EVIDENCE.—In this action for damages for personal injuries received by a machinist while engaged in the repair of a caterpillar tractor used by the defendant in the cultivation of his land, the plaintiff failed to show any negligence on the part of the defendant.

[2] ID.—CAUSE OF ACCIDENT—EXPERT EVIDENCE.—In such action, the court properly rejected expert evidence offered to explain how the accident might have happened where there was no evidence upon which the questions could be predicated.

[3] ID.—CAUSE OF ACTION UNCERTAIN—PROVINCE OF JURY.—Where, in such an action, the evidence leaves the cause of the accident uncertain, and shows that any one of several causes may have produced it, it is not for the jury to guess, when there is no satisfactory foundation in the testimony for a verdict.

[4] ID.—SYMPATHY FOR VICTIM—BURDEN OF PROOF.—In such an action, sympathy for the unfortunate victim of the accident does not justify a departure from the rule that the burden rests upon the plaintiff to establish negligence.

[5] ID.—CAUSE OF ACCIDENT—EVIDENCE.—In such an action it is not sufficient for an employee to show that the employer may have been negligent. The evidence must show that the defendant was negligent.

[6] ID.—HYPOTHETICAL QUESTIONS — BASIS FOR.—While hypothetical questions on which the opinion of an expert is to be based may include any state of facts which the evidence tends to prove, they must, nevertheless, be based only on facts which are in evidence.

APPEAL from a judgment of the Superior Court of Napa County. Henry C. Gesford, Judge. Affirmed.

The facts are stated in the opinion of the court.

1. Presumption of negligence from accident resulting in personal injury, note, 113 Am. St. Rep. 987.

3. Necessity that cause of accident be not obscure, note, 113 Am. St. Rep. 998.

Clarence N. Riggins for Appellant.

Myrick & Deering and James Walter Scott for Respondent.

KERRIGAN, J.—This is an appeal from a judgment of nonsuit in an action for personal injuries.

The case has already been before the supreme court, where it was held that the plaintiff was a casual employee, and therefore not entitled to compensation under the Workmen's Compensation Act (*Maryland Casualty Co.* v. *Pillsbury,* 172 Cal. 748, [158 Pac. 1031]). Plaintiff thus being relegated to an action for damages, he seeks judgment against defendant, by whom he was employed at the time of the injury complained of, alleging that defendant was negligent in two particulars: First, in that he supplied an improper helper, whose negligence contributed to the injury; second, that he failed to supply proper tools with which to do the work. To avoid the common-law defenses on the part of the defendant of assumption of risk and act of fellow-servant, plaintiff contends that the provisions of section 1 of the Roseberry Act (Stats. 1911, p. 796), abolishing these defenses and modifying the defense of contributory negligence were not repealed by the Boynton Act (Stats. 1913, p. 279), and that they govern this action.

[1] Whether this be true or not, a discussion of the question becomes unnecessary, for, in the absence of proof of negligence, defendant cannot be held liable for the injuries complained of, and we are of the opinion that the record fails to show any negligence whatever on the part of the defendant. The trial court in granting a nonsuit so declared, and from a careful reading of the record we are of like opinion.

From the evidence, which is without conflict, it appears that the defendant was a farmer, and among other machinery which he used in cultivating his land was a caterpillar tractor. Plaintiff was employed by defendant to repair this machine, and while in the act of babbitting one of its bearings an explosion occurred and plaintiff lost the sight of both his eyes. Plaintiff was an experienced machinist, and had agreed to do the work at a stipulated price per day, using his own tools together with those owned by defendant. On the day of the accident plaintiff had removed the boxing of

the rear axle of the machine, which was separated into two halves. After babbitting the lower half he cleaned the upper part with tools and heat, placed the axle in position, and then made a mold of cardboard and clay to hold the molten metal, and caused the box to be heated by a flare torch operated by his helper. He then, with the assistance of this helper, poured the babbitt metal into a pour-hole and returned the pans which had contained the alloy to the side of the forge close by. After waiting for a time sufficient in his opinion to allow the metal to solidify he removed a portion of the dam he had constructed to hold the metal and looked into the pour-hole to inspect the result of his work, when of a sudden an explosion occurred, which threw the molten metal upward, causing the injury complained of. At the time of the accident, plaintiff was alone at the bearing, defendant not having been present at any time during the day; in fact, defendant had nothing to do with the work either in assisting or in the giving of·instructions as to the manner in which it should be done, and nowhere in the evidence is there anything which shows that the tools used by the plaintiff contributed in any degree to the accident. Plaintiff had complete charge of the work, was experienced in babbiting bearings, and he testified that he did not know of anything that the helper did or failed to do that in any way contributed to his injury. The evidence further discloses the fact that babbitt metal explodes when brought in contact with moisture, and it is conceded that moisture in some form, either direct or indirect, was the cause of the accident. There is, however, no evidence showing how the moisture was produced. Plaintiff's theory of the accident is that the helper, while holding the blow-torch on the bearing for the purpose of heating it, negligently knocked a portion of the damp clay forming the dam into the hole. There is no evidence, however, to support this contention. On the other hand, defendant suggests causes for the presence of the moisture, among which is that the plaintiff himself might have knocked the clay into the hole, or that he might have left moist clay in the box before the pouring of the molten metal commenced. Varied as are these different theories of the parties, there is no evidence as to the real cause of the presence of moisture which produced the explosion, nor is there any evidence that the accident occurred through any negligent conduct of the defendant.

No presumption of negligence exists in favor of plaintiff by reason of the mere happening of the accident; and he having produced no proof of any negligence on the part of defendant, and the burden being upon him so to do, it was the duty of the trial court to grant the motion complained of.

[2] Appellant assigns as error justifying a reversal certain rulings of the trial court rejecting expert evidence to explain how the accident might have happened. The offered evidence was rightfully rejected, for the reason that there was no evidence upon which the questions could be predicated.

[3] Where, as here, the evidence leaves the cause of the accident uncertain, and shows that any one of several causes may have produced it, it is not for the jury to guess, when there is no satisfactory foundation in the testimony for a verdict; [4] and sympathy for the unfortunate victim of the accident does not justify a departure from the rule that the burden rests upon the plaintiff to establish negligence. [5] It is not sufficient for an employee to show that the employer may have been negligent. The evidence must show the fact that he was. If he is unable to do this he fails in his action. (*Patton* v. *Texas & P. R. Co.*, 179 U. S. 658, [45 L. Ed. 361, 21 Sup. Ct. Rep. 275].) [6] While hypothetical questions on which the opinion of an expert is to be based may include any state of facts which the evidence tends to prove, they must, nevertheless, be based only on facts which are in evidence. (*Graves* v. *Union Oil Co.*, 36 Cal. App. 766, [173 Pac. 618].) Here the hypothetical questions, the rejection of which is complained of, were based upon mere surmise and not upon inferences from established facts. Inferences must be reasonable and not possible conjectures, surmise, or speculation.

Other questions do not require consideration.

The judgment is affirmed.

Waste, P. J., and Richards, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 30, 1919.

All the Justices concurred, except Melvin, J., and Lennon, J., who were absent.